UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**BRANDON NELSON**               **CASE NO. 6:21-CV-03385**

**VERSUS**                       **JUDGE ROBERT R. SUMMERHAYS**

**MARTAVIUS PRINCE ET AL**       **MAGISTRATE JUDGE CAROL B. WHITEHURST**

**MEMORANDUM RULING AND ORDER**

The present matter before the Court is the Motion for Summary Judgment on the Issue of Liability filed by plaintiff, Brandon Nelson [ECF No. 41]. Defendants McLane/Southern, Inc. and Martavius Prince oppose the Motion [ECF No. 44]. For the reasons explained below, the Court DENIES the Motion.

**I.**
**BACKGROUND**

Nelson alleges that he was injured when his vehicle was struck by a tractor-trailer operated by Prince.[1] The accident occurred in the parking lot of a Circle K located in New Iberia, Louisiana.[2] According to Nelson, he circled around the back of the convenience store in his car after meeting with a friend.[3] At some point, Prince's tractor-trailer struck Nelson's vehicle on the "back driver side rear fender and the bumper."[4] According to Nelson:

> I was pulling around the back, and the 18 – Wheeler was coming in. So I saw he was coming in, so I had stopped. And then I saw he was about to hit me, so I tried to hurry up

---

[1] ECF No. 41-1 at 1.
[2] *Id.*
[3] *Id.*
[4] ECF No. 41-3 at 62.

1

and move out of the way, but he had still hit me. So no matter what I did, he was going to hit me. I tried to avoid it, but I couldn't. He still hit me.[5]

In other words, Nelson testified that he moved his vehicle to try to avoid the collision.[6] He also testified that he does not believe that Prince saw his vehicle.[7] In their opposition to the motion for summary judgment, defendants point to a statement by Nelson to an adjuster indicating that Prince's vehicle was stopped at the time of impact.[8] The only testimony in the record, deposition or otherwise, is apparently Nelson's testimony. Nelson noticed Prince's deposition, but Prince did not appear for the deposition and defendants' counsel was unable to arrange his appearance.[9] Nelson alleges that, as a result of the impact, he suffered significant injuries to his cervical and lumbar spine, "including multi-level disc pathology at C5-6 and L5-S1."[10] Nelson filed suit in state court, and defendants subsequently removed the case based on diversity jurisdiction. Plaintiff then filed the present Motion seeking summary judgment solely on liability.

## II.
### SUMMARY JUDGMENT STANDARD.

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[11] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "A genuine issue of material fact exists

---

[5] *Id.* at 44.
[6] *Id.*
[7] *Id.* at 63.
[8] ECF No. 44 at 45.
[9] ECF No. 44 at 2.
[10] ECF No. 41-2 at 2.
[11] Fed. R. Civ. P. 56(a).
[12] *Id.*

when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[13]

As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[14]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[15] "Credibility determinations are not part of the summary judgment analysis."[16] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[17]

## III.
### DISCUSSION

The Court's jurisdiction is based on diversity. Accordingly, Louisiana law applies to the state law negligence claims asserted by Nelson. In his motion, Nelson accurately states that, under

---

[13] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[14] *Lindsey v. Sears Roebuck and Co.,* 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[15] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[16] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[17] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Louisiana law, "a motorist travelling in a parking lot is required to exercise a duty of due caution."[18] Moreover, if "a motorist fails to see what he should have seen, the law charges him with having seen what he should have seen, and the court examines his subsequent conduct on the premise that he did see what he should have seen."[19] Here, Nelson argues that the only evidence as to liability is his deposition testimony. He argues that this testimony conclusively establishes that Prince failed to see his vehicle in the Circle K parking lot and otherwise failed to exercise due care operating his tractor-trailer when it struck Nelson's vehicle. Nelson further argues that he exercised due care in attempting to avoid the collision by moving his car.[20] Defendants, however, point to statements made by Nelson to an insurance adjuster that appear inconsistent with his deposition testimony.[21] Specifically, the insurance adjuster has submitted an affidavit stating that Nelson told the adjuster that he was at "a complete stop when the trailer made contact" with his vehicle.[22] Based on Nelson's statement to the adjuster, defendants argue that Nelson was not attempting to move out of the way of the tractor trailer at the time of the collision. They also contend that there is no evidence that Nelson tried to alert Prince by using his car horn or by waving.[23]

The Court concludes that there are genuine issues of material fact as to the events leading up to the collision as well as the comparative fault of Nelson and Prince based on Nelson's account of the accident. Specifically, a reasonable juror could consider Nelson's differing accounts of the accident and allocate some fault to Nelson; conversely, a reasonable juror could determine that Nelson was not at fault and allocate no fault to Nelson. But that is a triable issue for the jury. The fact that Prince did not appear for a deposition or that Nelson's account of the accident may be the

---

[18] ECF No. 41-2 at 5 (quoting *Chenevert v. Wal-Mart Stores, Inc.*, 838 So.2d 922, 924 (La. App. 3 Cir. 1977)).
[19] *Id.* (quoting *Fontenot v. Patterson Ins.*, 23 So.3d 259, 269 (La. 2009)).
[20] ECF No. 41-3 at 44.
[21] ECF No. 44 at 4.
[22] ECF. No. 44-4.
[23] ECF No. 44 at 6.

only evidence in the record does not eliminate the triable issues in the case with respect to comparative fault. Accordingly, the Motion for Summary Judgment as to Liability is DENIED.

## IV.
### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment on the Issue of Liability [ECF No. 41] is DENIED.

THUS DONE in Chambers on this 17th day of April, 2024.

ROBERT R. SUMMERHAYS<br>
UNITED STATES DISTRICT JUDGE